646 F.2d 147
 Kate O. ROBINSON, Nelson L. Tench, Mrs. Nelson L. Tench, C.
J. Price, Virginia Maddra, Apul Moore, Lula Abernathy, each
individually and as representatives of all others similarly
situated, Appellants,
v.
Robert RITCHIE, individually and as Chairman of the
Dinwiddie County Water Authority; John H. Clements,
individually and as Co-Chairman of the Dinwiddie County
Water Authority; John W. Scarborough, individually and as a
member of the Dinwiddie County Water Authority; Frank N.
Hale, individually and as a member of the Dinwiddie County
Water Authority; T. J. Leftwich, individually and as a
member of the Dinwiddie County Water Authority and the
Dinwiddie County Board of Supervisors; M. G. Rainey, Jr.,
individually and as a member of the Dinwiddie County Water
Authority; Grace S. Bennett, Jr., individually and as
Chairman of the Dinwiddie County Board of Supervisors;
Milton J. Hargrave, Jr., individually and as a member of the
Dinwiddie County Board of Supervisors, Appellees.
 No. 80-1171.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 14, 1980.
Decided April 13, 1981.
 
 S. Strother Smith, III, Abingdon, Va., for appellants.
 Patricia H. Schwarzschild, Richmond, Va. (Robert H. Patterson, Jr., Howard Feller, McGuire, Woods & Battle, Richmond, Va., on brief), for appellees.
 Before WINTER, BUTZNER and WIDENER, Circuit Judges.
 BUTZNER, Circuit Judge:
 
 
 1
 Kate O. Robinson and other named plaintiffs in this class action appeal the district court's award against them of attorneys' fees. Because the district court made no finding that the plaintiffs acted in bad faith, we vacate the district court's judgment and remand the case for further proceedings.
 
 
 2
 This action was brought in an attempt to obtain declaratory, injunctive, and monetary relief against Robert Ritchie, the Dinwiddie County Water Authority's Executive Director, John H. Clements, a member and vice-chairman of the Authority, and other officials for requiring the plaintiffs to use the Authority's water and sewer lines. Federal jurisdiction was claimed on the basis of the first and fourteenth amendments, the contract clause of the Constitution, and the National Environmental Policy Act, 42 U.S.C. § 4321 et seq. Plaintiffs also asserted pendent jurisdiction for their state law claim that Ritchie and Clements had engaged in a conspiracy in violation of Virginia Code §§ 18.2-499 and 18.2-500.[1]
 
 
 3
 After the district court dismissed the action,[2] Ritchie and Clements moved for an award of attorneys' fees against the plaintiffs. The court denied attorneys' fees incurred in connection with the federal causes of action, but it granted recovery for the portion of attorneys' fees attributable to the pendent conspiracy claim, which it concluded was "vexatious, wanton, and oppressive." Although the court criticized the plaintiffs' counsel, it made no express finding that any named plaintiff had acted in bad faith. The defendants argue that bad faith is not an essential predicate for the award of fees.
 
 
 4
 Speaking of exceptions to the general rule against the allowance of attorneys' fees, the Supreme Court observed in Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258-59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975), that fees could be assessed against a losing party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." In its most recent opinion on attorneys' fees, the Supreme Court has referred to the Alyeska exception for award of attorneys' fees as the "bad faith exception." Roadway Express, Inc. v. Piper, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980). We believe this is an accurate characterization of the exception.
 
 
 5
 In arguing that a finding of bad faith is not necessary to sustain this award of attorneys' fees, Ritchie and Clements rely on Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). In that case, however, the award was based on § 706(k) of Title VII, which expressly provides that "the court, in its discretion, may allow the prevailing party a reasonable attorney's fee." 42 U.S.C. § 2000e-5(k). Section 1988 of Title 42 U.S.C. similarly provides for attorneys' fees in cases brought under the Civil Rights Act, as amended. Christiansburg Garment eliminates the bad faith requirement for awards made pursuant to such statutes. 434 U.S. at 421, 98 S.Ct. at 700. Nevertheless, under the Alyeska exception to the general rule against awarding attorneys' fees, Roadway Express makes it clear that to rely on its "inherent" rather than statutory power in assessing fees, a court must find that the party acted in bad faith. See 100 S.Ct. at 2464. The award of attorneys' fees in favor of Ritchie and Clements was based on the court's inherent power and not on any statutory authority. Therefore, the principles set out in Alyeska and Roadway Express rather than in Christiansburg Garment govern this case.
 
 
 6
 The record presented to this court contains no evidence that individual plaintiffs acted in bad faith. At the most, the record indicates that some of the plaintiffs brought to the attention of the attorney information about Clements and Ritchie suggesting a possible conflict of interest.[3] The district court made no finding that the information they furnished was false. It was the attorney who alleged the conspiracy. Noting that the attorney had not filed a response to the defendants' motion to dismiss this claim, the district court described it as "callously and recklessly made for in terrorem effect."
 
 
 7
 In Browning Debenture Holders' Committee v. DASA Corporation, 560 F.2d 1078, 1087-89 (2d Cir. 1977), the court held that bad faith is personal and that attorneys' fees based on the Alyeska exception cannot be awarded against individual parties unless the district court finds that the parties "personally were aware of or otherwise responsible for" the bad faith litigation. We agree, and we therefore think this case should be remanded for an evidentiary hearing and a specific finding regarding the bad faith of the named plaintiffs. If the evidence reveals that the individual plaintiffs did nothing more than to provide their attorney with factual information they reasonably believed true and to rely on him for the development of a proper cause of action, then attorneys' fees should not be awarded against them.
 
 
 8
 It may be that under the standards set forth in Roadway Express, Inc. v. Piper, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980), plaintiffs' counsel is liable for attorneys' fees. We also remand this question to the district court, without expressing any view on its merits.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 [1]
 These statutes comprise an article in the Virginia Code entitled "Conspiracy to Injure Another in Trade, Business or Profession."
 
 
 [2]
 This dismissal was upheld on appeal in Robinson v. Ritchie, 636 F.2d 1214 (4th Cir., 1980)
 
 
 [3]
 In its opinion, the district court found:
 The statement of the claim against Ritchie alleges that he owned real estate which would be increased in value when the sewer line is complete. The claim against Clements states little more than that a bank in which he has substantial interest hoped to make a profit off of financing hookup costs. No allegations of conspiracy, other than the bare use of the word conspiracy, indicate anything other than completely open and aboveboard transactions.