**Kate O. ROBINSON, et al.**

v.

**Robert RITCHIE, et al.**

Civ. A. No. 79–0495–R.

United States District Court,
E. D. Virginia,
Richmond Division.

May 29, 1981.

S. Strother Smith, III, Abingdon, Va., for plaintiffs.

Patricia M. Schwarzschild, Robert H. Patterson, Jr., Joseph M. Spivey, III, Hunton & Williams, Richmond, Va., for defendants.

ORDER

WARRINER, District Judge.

This action is now before the Court on remand from the Fourth Circuit. The Court is greatly concerned with the proper manner of proceeding on remand. A brief statement of the procedural history of this case would be appropriate.

In May of 1979 plaintiffs filed a class action seeking to obtain declaratory, injunctive and monetary relief against various public officials of Dinwiddie County, Virginia, for requiring plaintiffs to use the Dinwiddie County Water Authority's water and sewer lines. Along with plaintiffs' federal claims, plaintiffs asserted a pendent State claim against defendants Richie and Clements, alleging that they had engaged in a conspiracy violation of Va.Code §§ 18.2–499 and 18.2–500 (Repl.Vol.1975). From these two defendants plaintiffs sought damages approaching $1,000,000.00. See Transcript of Proceeding of 23 August 1979, at 93–99. After a hearing the Court granted defendants' motion to dismiss, finding that the action was wholly without merit. This dismissal was upheld on appeal in *Robinson v. Ritchie*, 636 F.2d 1214 (4th Cir. 1980).

Following dismissal in this court, defendants moved for an award of attorneys fees against plaintiffs. The Court denied attorneys fees with respect to the federal claims, but granted fees to Ritchie and Clements with respect to the pendent conspiracy claim. The Court concluded that the conspiracy claim was "wholly devoid of merit . . . and cannot be described other than as being vexatious, wanton and oppressive." On appeal, the Fourth Circuit reversed and remanded the award of attorneys fees because this Court "made no express finding that any named plaintiff had acted in bad faith." *Robinson v. Ritchie*, 646 F.2d 147 at 148 (4th Cir. 1981). The Fourth Circuit evidently concluded that in assessing fees against a losing party under the authority of *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975), it is insufficient for the district court to find that the losing party acted "vexatiously, wantonly, or for oppressive reasons," as this Court expressly found. The trial court must also find that the party "acted in bad faith."

While recognizing the general rule against the allowance of attorneys' fees, Justice White, speaking for the Supreme Court in *Alyeska Pipeline*, stated that a Court has the inherent authority to assess attorneys' fees "when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" 421 U.S. at 258–59, 95 S.Ct. at 1622 (emphasis added). Justice White was quoting from the Supreme Court's decision in *F.D. Rich Co. v. Industrial Lumber Co.*, 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974), in which Justice Marshall said:

We have long recognized that attorneys' fees may be awarded to a successful party when his opponent has acted in bad faith, vexatiously, wantonly, *or* for oppressive reasons . . . .

Id. at 127, 94 S.Ct. at 2164 (emphasis added). One might assume that if Justices Marshall and White had intended for this exception to be read conjunctively, as opposed to disjunctively, they would have inserted "and" in the place of "or." Nevertheless, the Fourth Circuit has now held in this case that the word "or" should be read as the word "and". The basis noted by the Fourth Circuit in making this interpretation was that the Supreme Court referred to the *Alyeska* exception, in *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980), as the "bad faith exception."

The Fourth Circuit went on to say:

The record presented to this court contains no evidence that individual plaintiffs acted in bad faith. At the most, the record indicates that some of the plaintiffs brought to the attention of the attorney information about Clements and Richie suggesting a possible conflict of interest. The district court made no finding that the information they furnished was false. *It was the attorney who alleged the conspiracy.* Noting that *the attorney* had not filed a response to defendants' motion to dismiss this claim, the district court described it as "callously and recklessly made for *in terrorem* effect."

*Robinson v. Ritchie*, supra, No. 80–1171, slip op. at 5–6 (emphasis added). Citing the Second Circuit's decision in *Browning Debenture Holders' Committee v. D.A.S.A. Corp.*, 560 F.2d 1078, 1087–89 (2d Cir. 1977), the Fourth Circuit further held

that bad faith is personal and that attorneys' fees based upon the *Alyeska* exception cannot be awarded against individual parties unless the district court finds that the parties "personally were aware of or otherwise responsible for" the bad faith litigation.

*Robinson v. Ritchie*, supra, 646 F.2d at 149. Accordingly, the Fourth Circuit remanded the case for an evidentiary hearing and a specific finding regarding the bad faith of the named plaintiffs. In addition, the Fourth Circuit instructed this Court to inquire into the issue of whether attorneys' fees should be assessed against plaintiffs' counsel under *Roadway Express, Inc. v. Piper*, supra, 100 S.Ct. at 2464.

From the above-quoted portions of the Fourth Circuit's opinion, it may be inferred and argued that the Fourth Circuit has found that the role of the named plaintiffs in this action (or some of them) was merely to bring certain truthful information to the attention of their attorney, and that it was their attorney who "callously and recklessly" inserted the conspiracy claim. In the absence of any evidence in the record to question the existence of a normal attorney-client relationship, that is to say, that plaintiffs' attorney acted on behalf of and at the behest of the named plaintiffs, is this Court on remand bound by the findings of fact made by the Fourth Circuit? Indeed, are they findings of fact? The Court asks counsel to address these questions.

Frankly, a re-examination of the record in this case discloses nothing to me which would support an assumption that the clients were simple bearers of truthful facts while their lawyer was an independent malevolent actor. When the matter was before me initially no such claim was made or even intimated. Naturally, I assumed there was a normal attorney-client relationship. I assumed the plaintiffs were responsible parties litigant who had hired a lawyer to do their bidding as their agent in suing certain defendants for injuries plaintiffs claimed they had suffered. I assumed the plaintiffs stood to benefit from their agent's astuteness in presenting their case

just as they stood to suffer detriment if he should falter. But I also assumed that it was *their* case which *they* had hired the lawyer to advocate on *their* behalf. In other words, I simply assumed the lawyer was representing his clients. Nothing in the record alerted me to a different view.

The Fourth Circuit has, in the language quoted above, suggested quite a different aspect of the relationship between the lawyer and his clients in this case. This suggestion having now been made, regardless of what the relationship in fact may have been, there now exists, solely on the basis of the Fourth Circuit's suggestions, an apparently irreconcilable conflict between the lawyer and his clients.

It now is clearly in the interests of the plaintiffs to harken to the Fourth Circuit's suggestion and to profess unsullied innocence, ignorance, and detachment while darkly complaining about the lawyer taking the case into his own hands and handling it in nefarious ways beyond their ken. I suppose they must also forfend their failure to discharge and disown such a lawyer.

The lawyer is now placed in a position of iterating and reiterating that he was the mere agent of his clients, that he accepted their assertions in good faith, that he at all times kept them fully informed, and that his every act was taken only with his client's authorization, approbation, and acquiescence.

In other words a wedge has been driven between the lawyer and his client by the Fourth Circuit's suggestion. I was not privy to the oral argument before the Fourth Circuit, and it may well be that at that time there was a disclosure of a possible rupture in the lawyer's relationship with his clients. Other than this probable source, I know of nothing which would support such an assumption. In all aspects as it appeared to me, the relationship was normal.

Under these circumstances, how should the Court proceed with respect to the evidentiary hearing? It would appear wholly improper for Mr. Smith now to represent the interests of his clients. Indeed, he may

require counsel to represent his own interests since he is now directly exposed to a personal judgment. What was litigation between plaintiffs and defendants now appears to be litigation between lawyer and (former) client.

This litigation, between lawyer and client, it seems to me, would ordinarily have occurred, if at all, in a malpractice suit when and if plaintiffs ever asserted that the lawyer had exceeded his agency and authority. Under the mandate, however, and on the basis of the Fourth Circuit's suggestion rather than a complaint by plaintiffs, it appears that such litigation should take place on remand. Do counsel concur?

Under these circumstances should not the Court delay taking any action until Mr. Smith and the plaintiffs, respectively, have had an opportunity to retain counsel? Should there be discovery? Should some sort of pleadings be required?

The nature of the remand and its implications are unprecedented in my experience. It is therefore necessary that I be advised by counsel as to an appropriate procedure to effectuate the ruling of the Fourth Circuit. To that end a copy of this order shall be sent to counsel and to the individual plaintiffs. Within 30 days of the entry hereof each interested party shall file a brief answering the questions raised and suggesting an appropriate means of carrying out the mandate.

And it is so ORDERED.